UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LIGHTING SCIENCE GROUP CORPORATION, | |
| Plaintiff, | NO. CIV. 2:08-cv-2238 FCD GGH |
| v. | <u>MEMORANDUM AND ORDER</u> |
| U.S. PHILIPS CORPORATION, KONINKLIJE PHILIPS ELECTRONICS N.V., | |
| Defendants. | |

----oo0oo----

This matter is before the court on defendants Koninklijke Philips Electronics N.V. ("Philips N.V.") and U.S. Philips Corp.'s ("U.S. Philips") (collectively "defendants") motion to dismiss for lack of subject matter jurisdiction arising out of its request that the court exercise its discretion under the Declaratory Judgment Act and decline to assert jurisdiction over the matter. In the alternative, defendants move to transfer this action to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a). Plaintiff

1

Lighting Science Group Corp. ("LSG" or "plaintiff") opposes the motion. For the reasons set forth below, defendant's motion to dismiss is GRANTED.[1]

## BACKGROUND

Plaintiff LSG is a Delaware corporation with its principal place of business in Rancho Cordova, California. (Am. Compl. [Docket #11], filed Sept. 29, 2008, ¶ 8.) Defendant Philips N.V. is a Netherlands public limited liability company with its principal place of business in the Netherlands, and defendant U.S. Philips is Delaware corporation with its principal place of business in New York. (Id. ¶¶ 9-10.) Through this action LSG seeks a declaration of patent non-infringement and invalidity surrounding United States Patent No. 6,250,774 (the "'774 patent") owned by either Philips N.V. or U.S. Philips. (Id. ¶¶ 1, 5, 12.)

In August 2007, Philips N.V. acquired Color Kinetics, Inc. ("CK") and changed CK's name to Philips Solid State Lighting Solutions ("Philips Solid State"). (Exs. A & B to Decl. of Kevin M. Littman in Supp. of Defs.' Mot. ("Littman Decl."), filed Dec. 1, 2008.) Philips Solid State is based in Burlington, Massachusetts. (Ex. B to Littman Decl.)

On February 19, 2008, Philips Solid State sued LSG and others in the United States District Court for the District of Massachusetts (the "Massachusetts District Court") for infringement of five related patents that had been issued to CK

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

2

1  prior to its acquisition by Philips N.V. (the "February
2  Massachusetts Action").  (Ex. D to Littman Decl.; Decl. of Morgan
3  Adessa in Support of LSG's Opp'n, ("Adessa Decl."), filed Jan.
4  16, 2009, ¶ 2.)  On April 18, 2008, the complaint in the February
5  Massachusetts Action was amended to add Philips N.V. as a
6  plaintiff.  (Ex. D to Littman Decl.)

7      Defendants asserts that in the course of preparing their
8  infringement contentions in the February Massachusetts Action,
9  they discovered that LSG was infringing on two additional
10 patents, Philips Solid State's United States Patent No. 6,967,448
11 (the "'448 patent") and the '774 patent at issue in this case.
12 (See Ex. H to Littman Decl.)  On September 22, 2008, defendants'
13 counsel sent a letter to plaintiff's counsel indicating that they
14 would seek leave to amend the complaint in the February
15 Massachusetts Action to include the two additional patent
16 infringement claims and inquiring whether plaintiff would consent
17 to the amendment.  (Id.)  The next day, on September 23, 2008,
18 plaintiff filed its complaint for declaratory judgment of
19 noninfringement relating to the '774 patent against U.S. Philips
20 in this court.[2]  (Compl. [Docket #1], filed Sept. 23, 2008.)  On
21 September 24, 2008, plaintiff's counsel sent a letter to
22 defendants' counsel indicating that plaintiff did not oppose the
23 addition of the '448 patent to the February Massachusetts Action,
24 but that it did oppose addition of the '774 patent.  (Ex. J to
25 Littman Decl.)  The letter also advised that LSG had filed suit

---

27     [2] Plaintiff subsequently amended its complaint on
   September 29, 2008 to name Philips N.V. as a defendant.  (Am.
28 Compl.)

3

the previous night relating to the '774 patent in this court. (Id.)

On September 26, 2008, defendants filed a new action in the Massachusetts District Court, alleging that LSG infringed the '448 patent and the '774 patent (the "September Massachusetts Action"). On September 30, 2008, defendants moves to consolidate the February Massachusetts Actions with the September Massachusetts Action. (Ex. M to Littman Decl.) On October 28, 2008, LSG filed a motion in the Massachusetts District Court seeking to dismiss or transfer the claims relating to the '774 patent in the September Massachusetts Action in favor of this case. (Adessa Decl. ¶ 15.) Neither defendants' consolidation motion nor plaintiff's motion to dismiss or transfer have been ruled upon by the Massachusetts District Court.

## ANALYSIS

Defendants ask this court to abstain from exercising jurisdiction over the matter, contending that the February Massachusetts Action is the first-filed suit and, in the alternative, that plaintiff's action is an anticipatory filing that should not be entitled to deference.

"The exercise of jurisdiction under the Federal Declaratory Judgment Act (the "DJA"), 28 U.S.C. § 2201(a), is committed to the sound discretion of the district courts." Huth v. Hartford Ins. Co., 298 F.3d 800, 802 (9th Cir. 2002) (citing Wilton v. Seven Falls Co., 515 U.S. 277, 282-83 (1995); Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494-95 (1942); Gov't Employee Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998)). The DJA provides that a court "may declare the rights and other legal

4

1  relations of any interested party seeking such declaration," but
2  does not require that the court exercise such jurisdiction.  28
3  U.S.C. § 2201(a); see MedImmune, Inc. v. Genentech, 549 U.S. 118,
4  136 (2007).  Accordingly, district courts retain "unique and
5  substantial discretion in deciding whether to declare the rights
6  of litigants."  MedImmune, 549 U.S. at 136 (citing Wilton v.
7  Seven Falls Co., 515 U.S. 277, 286 (1995)).

8      Furthermore, "[t]here is a generally recognized doctrine of
9  federal comity which permits a district court to decline
10 jurisdiction over an action when a complaint involving the same
11 parties and issues has already been filed in another district."
12 Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th
13 Cir. 1982) (citing Church of Scientology of Cal. v. U.S. Dep't of
14 the Army, 611 F.2d 738, 749 (9th Cir. 1979); Great N. Ry. Co. v.
15 Nat'l R.R. Adjustment Bd., 422 F.2d 1187, 1193 (7th Cir. 1970));
16 see also Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S.
17 180, 183 (1952) (recognizing the degree of discretion left to the
18 lower courts because "[t]he Federal Declaratory Judgments Act,
19 facilitating as it does the initiation of litigation by different
20 parties to many-sided transactions, has created complicated
21 problems for coordinate courts").  The purpose of the doctrine in
22 is "to avoid placing an unnecessary burden on the federal
23 judiciary, and to avoid the embarrassment of conflicting
24 judgments."  Church of Scientology, 611 F.2d at 750.

25     Under the principles of federal comity, a district court
26 "has discretion to transfer, stay, or dismiss" an action if it is
27 duplicative of a parallel action filed in another federal court.
28 Cedars-Sinai Med. Ctr. v. Shalala, 125 F.3d 765, 769 (9th Cir.

1997). An action is duplicative of another "if the claims, parties, and available relief do not significantly differ between the two actions." Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993).

Where duplicative actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction generally should retain jurisdiction. Pacesetter, 678 F.2d at 95. "However, this 'first to file' rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." Id. The Supreme Court has explicitly noted that "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solutions" to the problems of duplicative litigation and that the relevant factors are equitable in nature. Kerotest, 342 U.S. at 183; see also In re: M.C. Products, Inc., 205 F.3d 1351 (9th Cir. 1999).

Anticipatory suits are generally not entitled to deference under the "first to file" rule and are disfavored as an aspect of forum shopping. Intersearch Worldwide, Ltd. v. Intersearch Group, Inc., 544 F. Supp. 2d 949, 960 (N.D. Cal. 2008) (citing Am. Auto. Ins. Co. v. Freundt., 103 F.2d 613, 617 (7th Cir. 1939)); see also Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 628 (9th Cir. 1991); Continental Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1371-73 (9th Cir. 1991), *overruled on other grounds by* Dizol, 133 F.3d 1220; Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 219 (2d Cir. 1978) ("The federal declaratory judgment is not a prize to the winner of the race to the

6

courthouse." (internal quotation omitted)).  "The wholesome purposes of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum."  Freundt, 103 F.3d at 617.  For purposes of the "first to file" rule, a suit is anticipatory "if the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent." Intersearch Worldwide, 544 F. Supp. 2d at 960 (quoting Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc., 179 F.R.D. 264, 271 (C.D. Cal. 1998)).

   As an initial matter, examination of the complaints filed in this action and the September Massachusetts Action indicate that the issues raised are identical.  The central issue is the validity and enforceability of the '774 patent.  Virtually the same parties are involved in both suits.  LSG contends that the September Massachusetts Action does not name U.S. Philips as a party.  However, Philips N.V. contends that it, and not U.S. Philips, is the owner of the '774 patent and thus the proper party to suit.  While the court does not decide this issue, it notes that, at bottom, both of these actions are between the holder of the patent and LSG regarding the alleged infringement of the '774 patent.  As such, the two actions differ substantively only as to the remedy sought and the first to file rule is applicable.  See id. at 95-96; see also Intersearch Worldwide, 544 F. Supp. 2d at 959-60 (concluding that the actions were duplicative where there was substantially similar issues and "there very well would be the risk of absurdly conflicting determinations").

While this action is technically the first filed in relation to the September Massachusetts Action, the court concludes that "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," does not counsel in favor of this court's exercise of jurisdiction.[3]  <u>Keroset</u>, 342 U.S. at 183.  Based upon the submissions of the parties and the circumstances surrounding the on-going litigation between the parties, plaintiff's filing in this court is an anticipatory declaratory action that is not entitled to deference.  <u>Robsac</u>, 947 F.2d at 1371-73 (9th Cir. 1991) (noting that a claim is reactive if the party was aware of the opposing party's impending claim and seeks to preempt that proceeding whether or not it has actually been filed); <u>see</u> <u>Chiron Corp. v. Advanced Chemtech, Inc.</u>, 869 F. Supp. 800, 802 (N.D. Cal. 2004) ("[I]t is inappropriate to reward a declaratory judgment plaintiff who races to the courthouse when the patentee has engaged in good faith settlement negotiations.").  LSG was clearly put on notice of Philip N.V.'s imminent intent to bring a claim arising out of the '774 patent based on the September 22, 2008 letter seeking LSG's assent to a motion to amend.  Instead of responding to the letter or opposing the motion to amend, LSG immediately filed an action in this court arising out of the '774 patent in order to secure the forum of its choice.  For the court to reward such conduct would encourage forum shopping, discourage

---

[3] Because the court concludes that this is an anticipatory filing and that equity weighs in favor of dismissal, the court does not reach the issue of whether the '774 patent should be considered as part of the February Massachusetts Action.

8

parties from negotiating in good faith outside of the judicial process, and promote judicial inefficiencies.  Contrary to LSG's contention, the court will not conclude that, in a race to the courthouse, Philips N.V. should have bypassed notification to opposing counsel and simply filed a second complaint in the Massachusetts District Court.  Such a proposition is contrary to the conservation of judicial resources and comprehensive disposition of litigation.  See also Xoxide, Inc. v. Ford Motor Co., 448 F. Supp. 2d 1188, 1193 (S.D. Cal. 2006) (dismissing the first filed suit as anticipatory and noting that "'where the declaratory judgment action is filed in anticipation of an infringement action, the infringement action should proceed,' even when filed later") (quoting Tempco Elec. Heater Corp. v. Omega Eng'g, 819 F.2d 746, 749 (7th Cir. 1987)).

   Moreover, the court notes that there are currently six claims for patent infringement between Philips Solid State, Philips N.V., and LSG pending before the Massachusetts District Court.  While the court does not address the particular challenges raised by each specific patent claim, the six pending claims before the Massachusetts District Court as well as the claim before this court all concern LED lighting systems. Defendants represent that there will be a substantial overlap between the pending claims and the claim arising out of the '774 patent regarding the products that allegedly infringe the patents.  (Defs.' Mot. to Dismiss [Docket #17], filed Dec. 1, 2008, at 9.)  Defendants also represent that the asserted prior art that implicates the '774 patent's validity is also relevant to the patents at issue in the February Massachusetts Action.

(Id.)  Therefore, in light of the potential overlap and the complexity presented by patent litigation, judicial economy is better served by having all patent claims heard in one forum. Because six patent claims are currently pending before the Massachusetts District Court, the totality of the circumstances weighs in favor of the dismissal of this case in favor of the September Massachusetts Action.[4]

Accordingly, for the foregoing reasons, the court concludes that principles of federal comity, equitable considerations, and the interests of justice weigh in favor of the court's exercise of discretion to abstain from adjudicating the matter. Therefore, defendants' motion to dismiss is GRANTED.[5]

IT IS SO ORDERED.

DATED: February 3, 2009

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Neither party offers compelling argument that either Massachusetts or California would be a more convenient forum. Rather, based upon the submissions of the parties, it appears that many of the same parties and witnesses are implicated in actions currently before the Massachusetts District Court and the Superior Court of California for the County of Sacramento. (See Exs. D-E, K to Littman Decl.; Ex. D to Adessa Decl.)

[5] Because the court concludes that dismissal of the action is appropriate, it does not reach the merits of defendants' alternative motion to transfer. However, the court notes that many of the same factor would be relevant to that inquiry.